ALEXANDER B. TRUEBLOOD (TX Bar No. 24100609)
TRUEBLOOD LAW FIRM
700 Lavaca Street, Suite 1400
Austin, TX 78701-3102
Telephone: (512) 537-0388
Facsimile: (512) 582-8516
Email: alec@hush.com

Attorneys for Plaintiff
TINA MORRIS

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

TINA MORRIS,

Plaintiff,

vs.

N&N AUTO FINANCE LLC, and JUAN CANTU dba Cantu Recovery,

Defendants.

Case No: 1:16-CV-00994-SS

**FIRST AMENDED COMPLAINT FOR:**

**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**(2) VIOLATIONS OF THE UNIFORM COMMERCIAL CODE**

**(3) VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT**

**(4) CONVERSION**

Plaintiff Tina Morris hereby complains against defendants N&N Auto Finance LLC, and Juan Cantu dba Cantu Recovery, and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Plaintiff obtained a car title loan primarily for personal, family, or household purposes, and signed a contract with a dealership, who purported to assign the contract to defendant N&N Auto Finance LLC. Plaintiff subsequently fell behind on her contract payments.

2. Defendant N&N Auto Finance hired defendant Juan Cantu dba Cantu Recovery, to repossess plaintiff's vehicle.

3. On or about July 8, 2016, defendant Cantu or his employees trespassed into plaintiff's secured and gated apartment complex, without permission from the property owner. Accordingly, defendant Cantu breached the peace, in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

4. Defendant Cantu's repo men banged on the door to plaintiff's home, displaying badges that simulated law enforcement. Plaintiff objected to the repossession of her vehicle, and told them to leave. They did not leave, but demanded the keys to the car loudly. When plaintiff did not hand over the keys, the repo men approached plaintiff menacingly and told her to get away from the car. Feeling physically threatened by the two large men who were menacing her, plaintiff was forced to turn over her keys. These actions were a breach of the peace in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

5. Defendant Cantu absconded with plaintiff's vehicle for days, without filing a police report of repossession or notifying N&N Auto Finance where the vehicle was. To cover up its unauthorized use of the vehicle, Defendant Cantu then reported a false date and time of the repossession to the police, and falsely told N&N Auto Finance that plaintiff had "stolen the vehicle back."

6. Plaintiff had personal possessions in her vehicle, including items of

sentimental value, which defendants failed to return to plaintiff. In violation of Texas Occupations Code § 2303.151, defendant Cantu failed to mail plaintiff a notice by certified mail, stating the information required by Tex. Occup. Code § 2303.153, including the amounts of storage and other charges plaintiff would have to pay when the vehicle was claimed, and the location of the storage facility. Plaintiff demanded her personal possessions from defendant N&N Auto Finance, who failed to return them.

7. After the repossession, Defendant N&N Auto Finance advised plaintiff that she could reinstate her loan for $1200. When plaintiff began requesting the identity of the repossession company, defendant N&N Auto Finance refused to permit reinstatement for $1,200 and insisted on payment of the full loan balance.

8. In violation of Texas Bus. & Comm. Code § 9.611(b), defendant N&N Auto Finance failed to mail to plaintiff's address a notice of sale containing the disclosures required by Texas Bus. & Comm. Code § 9.614. Plaintiff never received any such notice in the mail at her address in Texas. In addition, N&N did not mail the notice a reasonable time before the scheduled sale date stated in the notice, in violation of Tex. Bus. & Comm. Code § 9.612(a).

## JURISDICTION AND VENUE

9. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Western District of Texas because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

## PARTIES

11. Plaintiff Tina Morris is a natural person over the age of 18 years and is a resident of Austin, Texas.

12. Defendant Juan Cantu is an individual residing in Austin, Texas and

doing business as Cantu Recovery.

13. Defendant N&N Auto Finance LLC is an Oklahoma limited liability company doing business in the state of Texas.

14. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

**FIRST CAUSE OF ACTION**

**(Against Defendant Cantu Only for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

15. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

16. Plaintiff is a "consumer" who allegedly owed a "debt", and defendant Juan Cantu is a "debt collector", as those terms are defined at 15 U.S.C. § 1692a. Defendant Cantu uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

17. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

18. Defendants had no present right to repossess plaintiff's vehicle in breach of the peace, but did so in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

19. Plaintiff is entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

20. Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and

persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

21. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(Against All Defendants for Violations of the Uniform Commercial Code, Texas Bus. & Commerce Code §§ 9.609 and 9.625)**

22. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

23. Defendants violated Texas Bus. & Commerce Code § 9.609(b)(2) by repossessing plaintiff's vehicle in breach of the peace.

24. Defendant N&N Auto Finance LLC violated Texas Bus. & Comm. Code § 9.611(b) by failing to mail to plaintiff's address the notice required by Texas Bus. & Comm. Code § 9.614.

25. Defendant N&N Auto Finance LLC violated Tex. Bus. & Comm. Code § 9.612(a) by failing to mail a notice of sale to plaintiff's address, a reasonable time before the scheduled sale date stated in the notice.

26. Plaintiff is entitled to recover the actual damages caused by defendants' failure to comply with the Uniform Commercial Code, pursuant to Texas Bus. & Commerce Code §§ 9.625(b) and (c)(1).

27. Plaintiff is entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to Texas Bus. & Commerce Code § 9.625(c)(2).

WHEREFORE, plaintiff prays for relief as set forth below.

**THIRD CAUSE OF ACTION**
**(Against All Defendants For Violations Of The Texas Debt Collection Practices Act, Texas Finance Code § 392.001 et seq.)**

28. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

29. Plaintiff is a consumer within the meaning of Tex. Fin. Code § 392.001(1).

30. Defendants are debt collectors within the meaning of Tex. Fin. Code § 392.001(6), in that they directly or indirectly engage in actions, conduct, or practices in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor.

31. Defendant Cantu violated Tex. Fin. Code § 392.301(a)(1) by threatening to use violence to cause harm to plaintiff.

32. Defendant Cantu violated Tex. Fin. Code § 392.301(a)(2) by falsely accusing plaintiff of fraud or any other crime.

33. Defendant Cantu violated Tex. Fin. Code § 392.304(a)(11) by using a seal, insignia, or design that simulates that of a governmental agency.

34. Defendant Cantu violated Tex. Fin. Code 392.304(a)(19) by making a false police report and falsely telling N&N Auto Finance that plaintiff had stolen her vehicle back.

35. Defendant N&N Auto Finance violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting the character, extent, or amount of a consumer debt, when it told plaintiff she could recover her vehicle by making a payment of $1,200, and then did not permit this reinstatement amount. Defendant N&N Auto Finance also violated Tex. Fin. Code 392.304(a)(19) by this conduct.

36. Defendant N&N Auto Finance is vicariously liable for the violations of the Texas Finance Code of its agent, defendant Cantu.

37. Plaintiff is entitled to actual damages, pursuant to Tex. Fin. Code § 392.403(a)(2).

38. Plaintiff is entitled to reasonable attorneys fees and costs, pursuant to Tex. Fin. Code § 392.403(b).

**FOURTH CAUSE OF ACTION**
**(Against All Defendants for Common Law Conversion)**.

39. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

40. Plaintiff owned, had legal possession of, or was entitled to possession of her vehicle and the personal property within it.

41. Defendants assumed and exercised dominion and control over plaintiff's property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with plaintiff's rights.

42. Plaintiff made a demand for the property, and defendants failed to return the property.

43. Plaintiff has been damaged in amounts according to proof.

44. Plaintiff is entitled to punitive damages against defendants because the harm she suffered resulted from the fraud, malice, or gross negligence of defendants.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages, including economic harm and mental anguish;
2. For statutory damages;
3. For pre-judgment interest to the extent permitted by law;
4. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action;
5. For punitive damages;
6. For an injunction enjoining the sale of plaintiff's vehicle or the possessions in it; and
7. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and Texas constitutions.

Dated: August 22, 2016

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: /s/ *Alexander B. Trueblood*

Alexander B. Trueblood
Attorneys for Plaintiff
TINA MORRIS